FRED J. SMITH, PLAINTIFF-APPELLEE, v. ELVIRA M.
CRUSE, DEFENDANT-APPELLANT.

Decided May 7, 1924.

Leases—Terms Included Rent of Garage with Heat—Termina-
tion of "Heat" Clause Disputed—Defendant Held Liable for
Failure to Supply Sufficient Heat.

On appeal from the First District Court of Newark.

Before Justices KALISCH and KATZENBACH.

For the appellant, Michael J. Tansey.

For the appellee, Julius H. Halprin.

PER CURIAM.

The plaintiff's action was originally brought against Violet
Cruse and Charles Weber, in tort, but by written stipulation
between counsel of the respective litigants, the cause of action
was amended to an action on contract, a discontinuance was
entered against Charles Weber, and the name of Violet Cruse
was amended to that of Elvira Cruse. The court, sitting
without a jury, gave judgment for the sum of $400 in favor
of the plaintiff and against the defendant, from which judg-
ment the latter has appealed to this court.

The state of the case which was settled by the judge shows
that he based his findings upon testimony which raised dis-
puted questions of fact which were peculiarly within his
province to determine, and that there is testimony in sup-
port of his findings, and, therefore, as has been repeatedly
declared by our decision, such findings are not reviewable.
The state of the case shows that the plaintiff rented from the
defendant a compartment in her garage, in Newark, New
Jersey, for the storage of the plaintiff's automobile, and gave
him a key to the compartment, and that the defendant had

Supreme Court—Smith v. Cruse.

no control over the plaintiff's automobile; that the defendant had agreed with the plaintiff to heat the garages; that the plaintiff's automobile sustained a cracked cylinder due to the cold weather in February, 1923, prior to February 7th, 1923, freezing the water in the radiator and around the motor of the plaintiff's automobile while stored in defendant's garage, because the latter failed to provide heat to do away with the danger of freezing; that the defendant put in testimony that she was unable to obtain coal, except with difficulty, and sometimes none at all, due to a coal shortage, and, that early in December, 1922, caused a printed notice, twelve by fourteen inches, to be posted in the garage to the effect that on account of the coal situation the tenants held the cars in the garage at their own risk and further put in testimony that the persons storing cars, including plaintiff, had been notified to take their cars elsewhere, if they were not satisfied to assume the risk of freezing; that the plaintiff denied ever having seen the printed notice or ever having been told that the defendant did not expect to be able to heat the garage; that under the evidence the car was worth $400 less after the cylinder had been cracked than it was before, and therefore gave judgment for that amount.

The appeal is wholly without merit.

Moreover, the appeal, according to the record before us, shows no legal basis for a review. It does not appear that there was any request on part of counsel for defendant for a finding of law or fact, or law and fact, and exception taken thereto. Hence, there is no point presented which can be reviewed on appeal.

But even if it be assumed that the points presented properly challenged the findings of the judge on the law and the facts, nevertheless, we must accept the state of the case as settled by the judge to be controlling upon us as to the facts established by the testimony. We have considered these points, measured by the test just indicated. The appellant's first point is, that there was no testimony upon which the sum of $400 could be found for plaintiff. The state of the case says that there was testimony which warranted the find-

ing. The second point relied on is that there was no neglect shown of the landlord which was the proximate cause of the injury. The judge found, on the testimony before him, that the failure of the landlord to supply heat for the garage as contracted for was negligence, and that the failure to supply the heat was the proximate cause of the cracking of the cylinder. According to the testimony of the defendant, she did not supply heat for the garage as contracted for. The third point made is that the landlord is not liable if timely notice was given plaintiff. The plaintiff, according to the state of the case, denied that he ever had such notice. The next point is that the plaintiff assumed the risk. But it cannot be fairly said that one assumes a risk of which he had no knowledge or notice. Plaintiff testified that he had no notice. The fifth point is that the plaintiff was negligent in not protecting his car from a known danger. The plaintiff had a right to assume that the garage would be properly heated according to the contract. The sixth point relied on is that the landlord was not a warehouseman or bailee, and had no custody of plaintiff's car, and that the landlord cannot be held liable as such. We are not concerned with what the landlord was not. There was a contractual relation by which the defendant was to supply heat to the garage, and this she failed to do.

Lastly, it is urged as the seventh point that there was no express contract to furnish sufficient heat to keep the car from freezing. The judge, on the testimony, according to the state of the case, found to the contrary.

Judgment is affirmed, with costs.